UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MERLO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>    Defendant. | Case No. 18-cv-03943-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 26] |

Presently before the Court is Defendant City of Palo Alto's ("City") motion to dismiss the Second Amended Complaint ("SAC"). *See* Mot., ECF 26. Plaintiff Anthony Merlo ("Plaintiff"), proceeding *pro se*, filed this action against the City under 42 U.S.C. § 1983[1] for deprivations of his Due Process rights. *See* Second. Am. Compl. ("SAC"), ECF 24. Plaintiff alleges that in a state court action between these parties, a state appellate court declined to consider Plaintiff's arguments challenging his status as a vexatious litigant. *See* SAC ¶ 2; *id.* ¶ 6 ("The (deprivation) was caused by a state appellate court justice . . . ."). According to the state court order, it declined to hear this argument because it had "dismissed Merlo's prior appeal of the vexatious litigant order in 2007." *Id.*, Ex. 1 at 5 n.4. Plaintiff's alleged injury is the payments he was required to make to continue litigating after being designated a vexatious litigant. *Id.* ¶ 7. Elsewhere, Plaintiff alleges that the City is responsible for this injury because it "obtain[ed] [a] court order to require Plaintiff to post bond." *Id.*; *see also id.* ¶ 4.

---

[1] In his opposition to the motion to dismiss, Plaintiff argues he is not making a claim under Section 1983. *See* Opp. at 4,7, ECF 28. However, his Second Amended Complaint clearly contemplates a claim under Section 1983, *see* SAC ¶ 6 ("In order to recover under Title 42 USCA Sect. 1983, Plaintiff must prove . . ."). Moreover, Section 1983 is the appropriate mechanism to bring a claim for a constitutional violation against a state actor. *See* 42 U.S.C. § 1983.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's allegations fail to state a valid claim against the City for deprivations of his Due Process rights under 42 U.S.C. § 1983. To the extent Plaintiff's claim is tied to the state court's decision not to consider Plaintiff's vexatious litigant argument, Defendant cannot be said to have caused the deprivation, as it was not involved in that decision. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). To the extent Plaintiff's claim is tied to the City's decision to move to have Plaintiff designated as a vexatious litigant, the Court is aware of no authority that supports the proposition that a state actor can deprive someone of his right to due process by simply filing a motion in an action against that individual. And in any event, as evidenced by the state court opinion, the City filed its motion in or before 2007. As such, any statute of limitations for a Due Process violation resulting from that motion is almost certainly barred by any applicable state statute of limitations. *See, e.g.*, *Wilson v. Hays*, 228 F. Supp. 3d 1100, 1107 (S.D. Cal. 2017) (statute of limitations for torts in California is two years).

Thus, Plaintiff's SAC fails to state a cause of action under either theory of liability. Although leave to amend should be freely given, the Court is not required to grant leave to amend if the Court determines that permitting amendment would be an exercise in futility. *See, Enriquez v. Aurora Loan Servs., LLC*, 509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J.*

*Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). Given that additional allegations pertaining to the underlying incidents could not cure the identified deficiencies, the Court finds that any amendment would be futile.

For these reasons, Plaintiff's claims are DISMISSED WITH PREJUDICE. The case management conference set for November 29, 2018 is hereby VACATED. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge